IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

GEOVANY RAMIREZ-HERNANDEZ,

    Petitioner,

v.                                   No. 14-1175

UNITED STATES OF AMERICA,

    Respondent.
_____

ORDER DIRECTING PETITIONER TO FILE AN AMENDED PETITION AND
DENYING REQUEST FOR APPOINTMENT OF COUNSEL
_____

Before the Court is the *pro se* 28 U.S.C. § 2255 motion of the Petitioner, Geovany Ramirez-Hernandez, to vacate, set aside or correct his sentence (the "Petition") filed July 25, 2014. (Docket Entry ("D.E.") 1.) Ramirez-Hernandez, Bureau of Prisons register number 25595-076, is currently an inmate at the Great Plains Correctional Facility in Hinton, Oklahoma.[1]

Upon review of the materials filed in this matter, the Court finds that it is unable to rule on Petitioner's plea for relief at this time. In the form § 2255 motion completed by Ramirez-Hernandez, he was instructed to list each ground upon which he sought relief under the statute. The spaces provided for this information were either left blank or contained only "N/A." Accompanying the Petition was a typed memorandum with pages obviously missing.[2] Because the Petition as filed is incomplete, Petitioner is DIRECTED to file an amended petition within

---

[1] At the time the Petition was filed, he was incarcerated at Federal Correctional Institution Memphis in Memphis, Tennessee.

[2] While the PageID numbers assigned to this document by the Clerk of Court were sequential, the page numbers affixed to the filing by Petitioner were not. Specifically, the pages of the memorandum were numbered one, two and four. Pages numbered three and following four are not in the record.

twenty-eight days of the entry of this order.  The Government's response to the amended petition will be due twenty-eight days after the petition's filing.

Pursuant to Rule 5(d) of the Rules Governing § 2255 Proceedings for the United States District Courts, the Petitioner may, if he chooses, submit a reply to the Respondent's answer or response within twenty-eight days of service.  Ramirez-Hernandez may request an extension of time to reply if his motion is filed on or before the due date of such reply.  The Court will address the merits of the amended petition, or of any motion filed by Respondent, after the expiration of the Petitioner's time to reply, as extended.

Ramirez-Hernandez has also requested appointment of counsel.  (D.E. 4.)  "[A]s a general matter, there is no constitutional right to an attorney in collateral proceedings," such as those brought under § 2255.  *Abdus-Samad v. Bell*, 420 F.3d 614, 632 (6th Cir. 2005); *see also United States v. Noel*, Case No. 08-cr-20497, 2016 WL 5941828, at *9 (E.D. Mich. Oct. 13, 2016).  Appointment of counsel lies within the court's discretion and may be provided to a § 2255 petitioner upon a determination that "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B); *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (per curiam).

> A district court does not abuse its discretion by declining to appoint counsel where the issues in the case are straightforward and capable of resolution on the record or the [p]etitioner has a good understanding of the issues and the ability to present forcefully and coherently his contentions.

*Miller v. Kelly*, No. 1:13cv663, 2014 WL 4987600, at *10 (N.D. Ohio Aug. 29, 2014), *report & recommendation adopted by* 2014 WL 4987654 (N.D. Ohio Oct. 6, 2014).  At this point, no showing has been made that the interests of justice require the appointment of counsel.  However, the Court may alter its ruling on this issue if it determines at a later stage of these proceedings that appointment of counsel is warranted.

IT IS SO ORDERED this 18th day of October 2016.

                                          s/ J. DANIEL BREEN
                                          CHIEF UNITED STATES DISTRICT JUDGE