# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

GEOVANY RAMIREZ-HERNANDEZ

    Movant,

v.                                              Case No. 1:14-cv-1175-JDB-egb

UNITED STATES OF AMERICA,

    Respondent.

### ORDER DENYING § 2255 MOTION, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On October 18, 2016, the Court ordered Movant, Geovany Ramirez-Hernandez, to file an amended § 2255 motion within twenty-eight days of the entry-date of the order. (ECF No. 9 at 1-2.) Ramirez-Hernandez did not file an amended § 2255 motion. On December 13, 2016, the Court directed him to show cause within twenty-one days of the entry-date of the order why this case should not be dismissed for lack of prosecution and for his failure to comply with the Court's October 18, 2016 order. (ECF No. 10.) Movant was warned that failure to comply with the Court's order would result in dismissal of this case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Movant has not responded to the Court's December 13, 2016 order and the time for doing so has passed. The case is therefore DISMISSED for lack of prosecution and for the inmate's failure to comply with the Court's orders.

Judgment for Respondent shall be ENTERED.

## APPEAL ISSUES

A § 2255 movant may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)); *Bradley v. Birkett*, 156 F. App'x 771, 772 (6th Cir. 2005) (same); *see also* Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. §§ 2253(c)(2) & (3). Although a COA does not require a showing that the appeal will succeed, *Cockrell*, 537 U.S. at 337, a court should not issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773.

In this case, there is no question that the § 2255 motion should be dismissed for the reasons stated. Because any appeal by Movant does not deserve attention, the Court DENIES a certificate of appealability.

To appeal *in forma pauperis* in a § 2255 case, the movant must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See id.*

In this case, for the same reasons it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.

IT IS SO ORDERED this 13th day of April 2017.

            s/ J. DANIEL BREEN
            UNITED STATES DISTRICT JUDGE